**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Stephen Nichols, Adam Chappell, Jr., and Ryan Chappell, individually and on behalf of all others similarly situated,

Plaintiffs,

-vs-

County of Wayne, Wayne County Prosecutor's Office, Kym Worthy, in her official and individual capacity, Wayne County Sheriff's Office, and City of Lincoln Park, jointly and severally,

Defendants.

Case No.
Hon.

**Complaint and Jury Demand.**
**Class Action.**
**Declaratory and Injunctive Relief.**

______________________________________________________________/

Godwin Legal Services, PLC
Shaun P. Godwin (P74500)
Attorney for Plaintiffs
450 W Fort St, Ste 200
Detroit, Michigan 48226
313-288-2826/Fax: 313-457-1670
shaun@godwinlegal.com

______________________________________________________________/

**CLASS ACTION COMPLAINT AND JURY DEMAND**

NOW COME Plaintiffs, by and through their attorney, for their Complaint, do hereby allege as follows:

## INTRODUCTION

1. This case arises from the retention of motor vehicles ("vehicles") that were seized by law enforcement agencies in Wayne County without a warrant or a pre-deprivation hearing and noticed for possible civil forfeiture in the hopes of obtaining a cash settlements or title to the vehicles through use of civil forfeiture proceedings.

2. Since at least July of 2015, the Defendants noticed Plaintiffs and similarly situated persons of their intention to seek forfeiture of their vehicles and held those vehicles in custody, while contemplating the possible initiation of civil forfeiture proceedings in state court.

3. At no time did the Defendants provide Plaintiffs and similarly situated persons with a prompt post-seizure, pre-forfeiture hearing in front of a neutral decision-maker.

4. It can take months, or even years, for the Defendants to initiate a case in state court seeking forfeiture of the vehicle.

5. During this undetermined period of time, following the warrantless seizure and prior to the Defendants' initiation of forfeiture civil proceedings, persons with an interest in the seized vehicle are left without access and use of the vehicle and without a procedure or remedy for testing the law enforcement officer's determination of probable cause to seize the vehicle, the likelihood of the

government would be successful in the contemplated forfeiture case, and seek return of the vehicle pending resolution of the contemplated forfeiture case.[1]

6. The importance of continued access to a vehicle cannot be overstated. A vehicle is frequently required to travel to and from work, to transport children and to perform other necessities of life. Additionally, a vehicle is a rapidly depreciating asset under all circumstances. Moreover, if the vehicle is under lease or subject to a loan, the owner or leaseholder is required to continue to make payments and insurance payments to avoid a breach of their lease or purchase agreement.

7. The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a person with an interest in property seized without a warrant or a pre-deprivation hearing be provided a prompt post-deprivation hearing in front of a neutral-decision maker. In regards to vehicles seized and noticed for forfeiture, the Defendants are required to provide a prompt post-seizure, pre-forfeiture hearing in front of a neutral decision-maker on whether there is probable cause for the seizure, the likelihood of the government being successful in the contemplated forfeiture case and whether the vehicle can be returned to the interested party prior to resolution of the contemplated forfeiture case.

[1] Repliven is barred by the applicable forfeiture statutes. See Public Health Code, MCL 333.7533(2); Identity Theft Protection Act, MCL 445.79b. No adequate remedy is provided by statute or court rule that would allow a person of interest to obtain a hearing and/or recovery of the seized vehicle.

8. As a result of Defendants' policy, practice or custom of not providing prompt post-seizure, pre-forfeiture hearings in front of a neutral decision-maker, the Defendants caused the Plaintiffs and similarly situated persons' rights to due process pursuant to the Fourteenth Amendment to the United States Constitution to be violated, and are liable to the Plaintiffs and similarly situated persons under 42 U.S.C. § 1983 of the *Civil Rights Act of 1871*.

## JURISDICTION AND VENUE

9. Original and supplemental jurisdiction is conferred by 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1332(d) (class action).

10. Venue is proper pursuant to 28 U.S.C. § 1391, since all Defendants reside or are located and/or doing business in the Eastern District of Michigan and the events giving rise to this action occurred, in significant part, within this District.

## PARTIES

11. Plaintiff Stephen Nichols is over 18 years-old and a resident of Westland, Michigan.

12. Plaintiff Adam Chappell, Jr. ("Adam Chappell") is over 18 years-old and a resident of Detroit, Michigan.

13. Plaintiff Ryan Chappell is over 18 years-old and a resident of Detroit,

Michigan.

14. Defendant Wayne County is a municipal corporation organized under the laws of the State of Michigan that is located in Wayne County, Michigan.

15. Defendant Wayne County Prosecutor's Office is a municipal corporation organized under the laws of the State of Michigan that is located in Wayne County, Michigan.

16. Defendant Kym Worthy, was at all times of the matters complained of herein the Wayne County Prosecutor for the County of Wayne. She is sued in her individual and official capacity.

17. Defendant Wayne County Sheriff's Office is a municipal corporation organized under the laws of the State of Michigan that is located in Wayne County, Michigan.

18. Defendant City of Lincoln Park ("Lincoln Park") is a municipal corporation organized under the laws of the State of Michigan that is located in Wayne County, Michigan.

## STATEMENT OF FACTS

### a. Plaintiff Stephen Nichols

19. On July 2, 2015, Plaintiff Nichols was subject to a traffic stop by a City of Lincoln Park police officer.

20. The Lincoln Park police officer seized Nichols' vehicle, without a

warrant and without a pre-deprivation hearing, after he alleged that the insurance certificate was invalid and served Nichols with a form notice indicating that Lincoln Park intended to forfeit the vehicle under the forfeiture provisions of Michigan's Identity Theft Protection Act, (ITPA), MCL 445.61, *et seq*, and that to contest the forfeiture the owner of the vehicle would have to file a claim of interest with Lincoln Park along with a $250.00 money order payable to the Wayne County Prosecutor's Office.

21. Nichols was charged with operating without insurance to which he pled responsible.

22. On July 10, 2015, Nichols filed a claim of interest with Lincoln Park and posted a bond with it for $250.00 made payable to the Wayne County Prosecutor's Office in order to contest the forfeiture.

23. Defendants failed to provide Nichols with a prompt post-seizure, pre-forfeiture hearing in front of a neutral decision-maker.

24. Almost 3 years has now passed since the seizure without process and the Defendants have not filed a civil forfeiture case against Nichols' vehicle.

25. To this day, Nichols' vehicle remains in the custody of the Defendants.

26. Nichols has been and continues to be damaged by the Defendants' failure to provide a prompt post-deprivation hearing because he has been

unnecessarily deprived of the use of his vehicle, the opportunity to perform necessary maintenance on it, expended money on insurance for a vehicle that he can't use, and has been forced to pay for rides, use taxis and inconvenient public transit to get to and from work and perform daily necessities of life.

**b. Plaintiffs Adam Chappell and Ryan Chappell**

27. Plaintiff Adam Chappell owned a vehicle that he lent to his son, Plaintiff Ryan Chappell, for his personal use and in furtherance of his son's welding business.

28. On July 27, 2016, Plaintiff Ryan Chappell was subject to an investigative stop by a Wayne County Sheriff's Office deputy after he was seen visiting a medical marijuana facility in the City of Detroit, while driving Plaintiff Adam Chappell's vehicle.

29. Plaintiff Adam Chappell's vehicle was seized, without a warrant and without a hearing, and towed from the scene and Ryan Chappell was provided with a form notice indicating that the Wayne County Sheriff's Office intended to forfeit the vehicle under the forfeiture provisions of the Michigan Public Health Code, MCL 333.7521, *et seq*. and that the owner was required to file a claim and post a $250.00 bond with the Wayne County Prosecutor's Office to contest the forfeiture.

30. No marijuana was recovered and no criminal charges were brought.

31. On August 11, 2016, Plaintiff Adam Chappell filed a claim and posted a $250.00 bond with Wayne County Prosecutor's Office in order to contest the forfeiture.

32. Defendants failed to provide Plaintiffs Adam Chappell and Ryan Chappell with a prompt post-seizure, pre-forfeiture hearing in front of a neutral decision-maker.

33. On October 7, 2016, 72 days following the seizure, Wayne County Prosecutor's Office filed a complaint in Michigan's Third Circuit Court, which alleged that Adam Chappell's vehicle was subject to forfeiture for a violation of the Michigan Controlled Substances Act, MCL 333.7521, *et seq*.

34. On January 31, 2017, Plaintiff Adam Chappell filed a motion to dismiss after the Wayne County Prosecutor's Office failed to comply with a court order to answer his discovery requests.

35. On February 10, 2017, the court entered a stipulated order dismissing the forfeiture complaint and ordering the return of Chappell's bond and his vehicle without payment of any towing or storage fees.

36. On February, 23, 2017, Adam Chappell was able to retrieve his vehicle from Martin's Towing and discovered that the driver's side window of the vehicle had been left down, the battery was dead, the tires were flat, that damage to the exhaust and transmissions systems had been caused and marks left on the

undercarriage of the vehicle consistent with the vehicle having been lifted by a fork lift.

37. Plaintiffs Adam Chappell and Ryan Chappell were damaged by the Defendants failure to provide a prompt post-deprivation hearing because they were unnecessarily deprived of their use of the vehicle, the opportunity to perform necessary maintenance on it, guard it from damage and access to Ryan Chappell's welding work tools contained within the vehicle.

## CLASS ACTION ALLEGATIONS

38. The named Plaintiffs bring this action, on behalf of themselves and all others similarly situated, to assert the claims alleged in this Complaint on a common basis.

39. A class action is a superior means, and the only practicable means, by which the named Plaintiffs and Class Members can challenge Defendants' failure to provide prompt post-seizure, pre-forfeiture hearings in front of a neutral decision-maker on vehicles seized without process and noticed for forfeiture.

40. This action is brought and may properly be maintained as a Class action pursuant to Rule 23(a)(l)–(4) and Rule 23(b)(1)-(3) of the Federal Rules of Civil Procedure.

41. This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions.

42. The Class is defined as: all persons who had a vehicle seized without a warrant or a pre-deprivation hearing where that vehicle was noticed and held for forfeiture and where those persons with an interest in the vehicle were not provided with a prompt post-seizure, pre-forfeiture hearing in front of a neutral decision-maker.

43. On information and belief, Defendants notice for forfeiture hundreds of vehicles every year, hold them without process, and fail, in each case, to provide prompt post-seizure, pre-forfeiture hearing in front of a neutral decision-maker.

44. The relief sought is common to all Class Members, and common questions of law and fact exist as to all Class Members. The named Plaintiffs seek relief concerning whether the failure to provide prompt post-seizure, pre-forfeiture hearings in front of a neutral decision-maker violated the rights of Plaintiffs and Class Members, declaratory relief that the practice is in violation of the US Constitution and injunctive relief mandating that Defendants provide procedures consistent with due process, so that the rights of the Class Members will be protected in the future and additionally, obtaining appropriate damages, compensation and other equitable remedies.

45. These common legal and factual questions arise from the Defendants' failure to provide prompt post-seizure, pre-forfeiture hearings to determine if probable cause exists to retain possession of vehicles seized without process, the

likelihood of Defendants prevailing in the contemplated forfeiture case, and to determine if the vehicle might be returned pending the outcome of the contemplated forfeiture case.

46. The essential facts and legal issues do not vary from Class Member to Class Member and the resolution of these legal and factual issues will determine whether all Class Members are entitled to the relief they seek.

47. The named Plaintiffs' claims are typical of the other Class Members' claims and they have the same interests in this case as all other Class Members. Each Class Member had a vehicle seized without a warrant or a pre-deprivation hearing and the vehicle was noticed for forfeiture. Each Class Member had an identifiable interest in the seized vehicle. Each Class Member was damaged when a prompt post-seizure, pre-forfeiture hearing in front of a neutral decision-maker was not provided. The answer of whether Defendants' failure to provide prompt post-seizure, pre-forfeiture hearings in front of a neutral decision-maker is a violation of the Due Process Clause will determine the claims of the named Plaintiffs and every other Class Member.

48. If the named Plaintiffs succeed in their claims against Defendants that ruling will likewise benefit every other Class Member.

49. The named Plaintiffs are adequate representatives of the Class because their interests in the vindication of the legal claims that they raise are

entirely aligned with the interests of the other Class Members, who each have the same basic claims. They are members of the Class, and their interests coincide with, and are not antagonistic to, those of the other Class Members.

50. There are no known conflicts of interest among Class Members, all of whom have a similar interest in vindicating their rights in the face of Defendants' failure to provide due process and recovering compensation.

51. Plaintiff's counsel has experience litigating constitutional and civil rights matters in Federal Court and has relevant experience as class action counsel.

52. Class action status is appropriate because Defendants have acted in the same manner with respect to all Class Members and prosecution of separate actions by individual members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

53. The Class also seeks a declaratory judgment on the unconstitutionality of Defendants practice and injunctive relief to enjoin Defendants to require that prompt post-seizure, pre-forfeiture hearings. Because the putative Class challenges the Defendants' failure to provide these hearings through declaratory and injunctive relief that same relief would apply to every Class Member, Rule 23(b)(2) certification is appropriate and necessary.

54. Injunctive relief compelling Defendants to comply with due process will similarly protect each Class Member from being subjected to Defendants' unlawful policies and practices in the future. A declaration and injunction stating that Defendants must provide such hearings would provide relief to every Class Member. Therefore, declaratory and injunctive relief with respect to the Class as a whole is appropriate.

## COUNT I
## Municipal Liability for Violations of the Fourteenth Amendment to the U.S. Constitution
## (42 U.S.C. § 1983)

55. Plaintiffs hereby incorporate by reference herein all paragraphs of this Complaint, as if fully state herein.

56. Under 42 U.S.C. § 1983, Defendants Wayne County, Wayne County Prosecutor's Office, Wayne County Sheriff's Office, City of Lincoln Park, and Kym Worthy are each a "person" liable for their unconstitutional practices, customs, policies, or patterns that result in constitutional violations.

57. Each of the Defendants had and has an unconstitutional practice, custom, policy, and pattern of failing to provide prompt post-seizure, pre-forfeiture hearings in front of a neutral decision-maker where Plaintiffs and similarly situated persons had vehicles seized without a warrant or a pre-deprivation hearing and were persons who had an interest in the vehicle.

58. Defendants' practice, custom, policy, pattern or decision was a direct and proximate cause of the constitutional violations suffered by Plaintiffs and similarly situated persons.

59. The Defendants violated Plaintiffs' and similarly situated persons' due process rights, pursuant to the Fourteenth Amendment, which requires a prompt post-deprivation hearing in front of a neutral decision-maker where property is seized without a warrant or a pre-deprivation hearing.

60. Defendants are liable under a municipal liability theory for these violations.

61. Qualified immunity is not available to municipal Defendants.

62. Defendant Kym Worthy was the final policy maker for the municipal Defendants and responsible for this unconstitutional practice, custom, policy and pattern. Further, Defendant Worthy failed to train and supervise attorneys acting for the Defendants in the need to perform their administrative duties to provide for prompt post-seizure, pre-forfeiture hearings in front of a neutral decision-maker.

WHEREFORE Plaintiffs pray this Honorable Court enter Judgment against Defendants and award Plaintiffs and similarly situated persons damages in such amount as to adequately compensate them along with their attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**Count II**
**Declaratory and Injunctive Relief**

63. Plaintiffs hereby incorporate by reference herein all Paragraphs of this Complaint, as if fully state herein.

64. Plaintiffs and similarly situated persons seek a declaratory judgment that Defendants' policies, practices, customs, acts and/or omissions as described herein are unlawful and violate their rights under the U.S. Constitution.

65. An order and judgment preliminarily and permanently enjoining Defendants, their subordinates, agents, employees, representatives, and all others from acting or purporting to act for them from retaining possession of vehicles seized without process and noticed for forfeiture where a prompt post-seizure, pre-forfeiture hearing in front of a neutral decision-maker was not held.

66. An order and judgment preliminarily and permanently enjoining Defendants to provide prompt post-seizure, pre-forfeiture proceeding hearings in front of a neutral decision-maker on vehicles seized without process and noticed for forfeiture and compelling that a process be set, consistent with due process, to ensure that these necessary prompt post-deprivation hearings occur.

**PLAINTIFFS' JURY DEMAND**

Plaintiffs, on behalf of themselves and all others persons similarly situated, known and unknown, and by and through counsel demand a trial by jury in the above-captioned matter on all issues so triable.

Respectfully submitted,

GODWIN LEGAL SERVICES, PLC,

_/s/ Shaun P. Godwin__________
By: Shaun P. Godwin (P74500)
*Attorney for Plaintiffs*
450 W. Fort St, Ste 200
Detroit MI 48226
313-288-2826/Fax 313-457-1670
shaun@godwinlegal.com

Dated: 6/27/2018