# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

STEPHEN NICHOLS, individually and
on behalf of all others similarly situated,

     Plaintiff,

-v-

WAYNE COUNTY PROSECUTOR'S
OFFICE, KYM WORTHY, in her
official and individual capacity, and
CITY OF LINCOLN PARK, jointly and
severally,

     Defendants.

Case No. 3:18-cv-12026

Hon. Robert H. Cleland

Mag. Judge Elizabeth A. Stafford

---

## MOTION TO DISMISS OR TO ABSTAIN, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS THE WAYNE COUNTY PROSECUTOR'S OFFICE AND KYM WORTHY

Pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 56, and the *Pullman* abstention doctrine, Defendants the Wayne County Prosecutor's Office and Kym Worthy (collectively "Wayne County") move to dismiss or to abstain from entertaining the Complaint filed by Plaintiff Stephen Nichols ("Plaintiff"), or in the alternative, for summary judgment. In support of its motion, Wayne County relies upon the attached Brief.

Pursuant to E.D. Mich L.R. 7.1(a), on October 22, 2018, counsel for Wayne County explained in writing the nature of the motion and its legal basis to counsel for Plaintiff, and requested but did not obtain concurrence in the relief sought.

Dated: October 23, 2018                    Respectfully submitted,

                                           By: */s/Davidde A. Stella*
                                           James W. Heath (P65419)
                                           Wayne County Corporation Counsel
                                           Davidde A. Stella (P69948)
                                           Assistant Corporation Counsel
                                           500 Griswold St., 30th Floor
                                           Detroit MI 48226
                                           (313) 224-5030
                                           dstella@waynecounty.com

                                           *Attorneys for the Wayne County*
                                           *Prosecutor's Office and Kym Worthy*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEPHEN NICHOLS, individually and
on behalf of all others similarly situated,

     Plaintiff,

-v-

WAYNE COUNTY PROSECUTOR'S
OFFICE, KYM WORTHY, in her
official and individual capacity, and
CITY OF LINCOLN PARK, jointly and
severally,

     Defendants.

Case No. 3:18-cv-12026

Hon. Robert H. Cleland

Mag. Judge Elizabeth A. Stafford

---

# BRIEF IN SUPPORT OF MOTION TO DISMISS OR TO ABSTAIN, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS THE WAYNE COUNTY PROSECUTOR'S OFFICE <u>AND KYM WORTHY</u>

1

## CONCISE STATEMENT OF ISSUES PRESENTED

1.   Can Plaintiff state a municipal liability claim under 42 U.S.C. § 1983 against Wayne County for deprivation of procedural due process rights?

2.   Can Plaintiff state a claim against the Wayne County Prosecutor in her individual capacity under 42 U.S.C. § 1983?

3.   Are Plaintiff's claims for declaratory and injunctive relief moot?

4.   In the alternative, should the Court abstain from entertaining Plaintiff's claims under the *Pullman* abstention doctrine?

## CONTROLLING OR MOST APPLICABLE AUTHORITY

<u>Issue No. 1</u>:        Procedural Due Process

*Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988 (6th Cir. 2017).

*Hollins v. City of Detroit Police Dep't*, 571 N.W.2d 729 (Mich. Ct. App. 1997).

*In re Forfeiture of $19,250*, 530 N.W.2d 759 (Mich. Ct. App. 1995).

*In re Forfeiture of One 1983 Cadillac*, 439 N.W.2d 346 (Mich. Ct. App. 1988).

*Jefferson v. Jefferson County Public Schools System*, 360 F.3d 583 (6th Cir. 2004).

*Kisela v. Hughes*, 138 S. Ct. 1148 (2018)

*Martinez v. City of Cleveland*, 700 F. App'x 521 (6th Cir. 2017) (unpublished).

*S.L. v. Pierce Township Bd. of Trustees*, 771 F.3d 956 (6th Cir. 2017).

*Wedgewood L.P. v. Township of Liberty*, 610 F.3d 340 (6th Cir. 2010).

*Williams v. Kentucky*, 24 F.3d 1526 (6th Cir. 1994).

*Zinermon v. Burch*, 494 U.S. 113 (1990).

<u>Issue No. 2</u>:        Individual Liability

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005).

<u>Issue No. 3</u>:        Declaratory and Injunctive Relief

*Sumpter v. Wayne County*, 868 F.3d 473 (6th Cir. 2017).

<u>Issue No. 4</u>:        *Pullman* Abstention

*Expressions Hair Design v. Schneiderman*, 137 S. Ct. 1144 (2017).

ii

## INTRODUCTION

Plaintiffs Stephen Nichols ("Plaintiff") alleges that under 42 U.S.C. § 1983 Defendant Wayne County[1] has an unconstitutional "custom, practice, or policy" of failing to file "prompt" civil asset forfeiture complaints on vehicles seized by local police departments after receiving a notice that a claimant seeks to contest the forfeiture.  During July 2015, over three years ago, the City of Lincoln Park Police Department (the "LPPD") seized Plaintiff's vehicle pursuant to Michigan law for driving with a falsified proof of insurance.  Although during the autumn of 2015, Wayne County had decided not to go forward with a forfeiture suit in state court, an assistant prosecuting attorney inadvertently and unintentionally failed to instruct the LPPD to release the vehicle. However, at no point before filing suit did Plaintiff either attempt to contact the Wayne County Prosecutor's Office about the delay, or file anything with the state court assigned to hear all civil forfeiture matters in Wayne County.

As explained further below, because Plaintiff had, but failed to avail himself of, remedies in state court to challenge the "promptness" of the civil asset forfeiture complaint, his procedural due process claim fails as a matter of law.

---

[1] Plaintiff names as defendants the "Wayne County Prosecutor's Office" and "Kym Worthy" in her "official capacity." Under 42 U.S.C. § 1983, official capacity claims are considered as claims against the entity itself – here, Wayne County. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 91 (1989).

1

Furthermore, Plaintiff's claims for injunctive and declaratory relief are moot because his vehicle has been returned and no forfeiture proceedings are ongoing or imminent.   Finally, to the extent that Michigan law is deemed to be unclear regarding an owner's post-deprivation remedies in the event "prompt" civil complaints are not filed on seized properties, the Court should abstain under the *Pullman* abstention doctrine – as a state court resolution of the issue would obviate the need to decide a constitutional question.

## RELEVANT FACTS

**A.      Michigan's Civil Asset Forfeiture Procedure.**

Michigan law establishes a procedure by which law enforcement can seize certain property under various circumstances, including, relevant here, property that was used in connection with identity theft, Mich. Comp. Laws § 445.79. Michigan law provides for the following procedure for a civil action for forfeiture:

(1)     The state or local government must notify the owner of the property that it intends to seize the property.  Mich. Comp. Laws § 333.7523(1)(a).

(2)     The state or local government must notify the local prosecuting attorney regarding the intended seizure, unless all criminal proceedings have already been resolved.  Mich. Comp. Laws § 333.7523(1)(b).

(3)     Within twenty (20) days of receiving notice from the local government seeking to forfeit the property, the owner must provide notice that he or she intends to challenge the forfeiture.  Mich. Comp. Laws § 333.7523(1)(c).  If no claim is received

within the twenty-day period, the property is forfeited.  Mich. Comp. Laws § 333.7523(1)(d).

(4)     If an owner disputes the forfeiture, the local prosecuting attorney can promptly file a civil complaint in the appropriate court.  Mich. Comp. Laws § 333.7523(1)(c).

During the pendency of the civil forfeiture proceedings, "[p]roperty taken or detained . . . is not subject to an action to recover personal property."  Mich. Comp. Laws § 333.7523(2).  However, Michigan law requires courts to entertain challenges to the failure to follow the civil asset forfeiture procedure as a basis for dismissal of the action.  For instance, if notice is not properly served on an owner after the property is seized, the owner has the right to challenge the sufficiency of notice.  *See Hollins v. City of Detroit Police Dep't*, 571 N.W.2d 729, 732 (Mich. Ct. App. 1997) (recognizing that "the requirements of the forfeiture provisions [are to] be construed strictly to ensure that the due process rights of claimants are protected").  Michigan law also provides a remedy where an owner believes that a civil asset forfeiture complaint was not filed "promptly." *See In re Forfeiture of One 1983 Cadillac*, 439 N.W.2d 346, 348 (Mich. Ct. App. 1988).[2]  Both Michigan

---

[2] Michigan courts have issued numerous opinions on owners' challenges to the "promptness" of a civil forfeiture complaint. *See, e.g., People v. Real Property at 7649 South Cork Road*, No. 271532, 2007 Mich. App. LEXIS 322, *6-8 (Mich. Ct. App. Feb. 8, 2007) (unpublished) (holding that a five-month delay, combined with the other factors, was unreasonable in the context of a civil asset forfeiture of a piece of real property); *People v. One 1979 Honda Automobile*, 362 N.W.2d 860, 862 (Mich. Ct. App. 1984) (holding that a 2.5 month delay was not unreasonable);

and federal courts have held that the Michigan civil asset forfeiture law satisfies the requirements of due process before any property is permanently forfeited. *See In re Forfeiture of $109,901*, 533 N.W.2d 328, 331 (Mich. Ct. App. 1995); *Derrick v. City of Detroit*, 425 N.W.2d 154, 155 (Mich. Ct. App. 1988) (holding that the civil asset forfeiture state "provide[s] the procedural safeguards necessary to ensure due process"); *Michigan v. Milwaukee 3/8 Cordless Drill*, No. 11-402, 2011 U.S. Dist. LEXIS 83644, *28 (W.D. Mich. July 29, 2011) (unpublished) ("Because Michigan provides ample post-deprivation remedies, Plaintiff fails to state a due process claim based on the alleged taking of his personal property"); *Nelson v. McDonough*, No. 11-239, 2011 U.S. Dist. LEXIS 43368, *6-8 (W.D. Mich. Apr. 21, 2011) (unpublished) (holding that the Michigan civil asset forfeiture process provides adequate post-deprivation process).

The Wayne County Prosecutor's Office's Asset Forfeiture Unit reviews well over 500 new challenges per year to local police department's seizure of real and personal property connected to the facilitation of the trafficking and sale or receipt of illegal controlled substances, nuisance activities, identity theft, and other crimes for which Michigan law allows local governments to seize property. (Exhibit 1, Moody Decl. ¶ 5). It is the normal practice of the WCPO to have contact with

---

*In re $11,377*, No. 321641, 2015 Mich. App. LEXIS 1377, *8-11 (Mich. Ct. App. July 14, 2015) (unpublished) (holding that under the circumstances of the case, a four-month delay was not unreasonable).

every owner or his/her agent of seized assets after the receipt of case information from local governmental units.   (*Id.* ¶ 6).   The WCPO reviews the relevant information, and based on that information either: (1) informs the law enforcement agency to release the seized property; (2) attempts to negotiate an out-of-court resolution with the owner/agent; or (3) goes forward with a civil action for forfeiture. (*Id.*).   The practice of the WCPO is to resolve civil forfeiture matters as quickly as possible and to promptly file complaints for forfeiture, if necessary, as Michigan law directs.   (*Id.*).   However, the precise timeline for each case turns on each seizure's particular facts and circumstances.   (*Id.*).

**B.   July 2015: The City of Lincoln Park Police Department Seizes Plaintiff's Vehicle Because of Suspected Insurance Fraud.**

On or about July 2, 2015, City of Lincoln Park Police Department Officer R. Kolakovich initiated a traffic stop of Plaintiff in the area of Outer Drive and I-75. (Exhibit 2, Police Report).   Before stopping him, Officer Kolakovich had run Nichols' license plate and discovered that the vehicle lacked insurance. (*Id.*). Nichols provided to Officer Kolakovich a falsified proof of insurance. (*Id.*). Officer Kolakovich informed Nichols that the 1998 Toyota Avalon was being seized.   (*Id.*).   Officer Kolakovich then served Nichols with a Notice to Forfeit the vehicle under the forfeiture provisions of Michigan's Identity Theft Protection Act. (Exhibit 3, Notice). On July 10, 2015, Nichols posted a bond with the LPPD to

challenge the forfeiture. (Exhibit 4, Bond). On August 11, 2015, Nichols admitted responsibility for driving without insurance and paid the fine.  (Exhibit 5, Nichols Docket & Ticket).

On August 4, 2015, Attorney Shaun Godwin (the attorney representing Plaintiff in this case) filed a written appearance with the WCPO that he was representing Plaintiff in regards to the vehicle.  (Exhibit 6, Appearance; Exhibit 1, Moody Decl. ¶ 7).  The WCPO attempted to set up a meeting with Mr. Godwin for September 8, 2015, to discuss the merits of the case and a possible resolution. (Exhibit 1, Moody Decl. ¶ 7).  That meeting did not occur because Mr. Godwin failed to appear. (*Id*.).  During the time period relevant to this case, all civil assert forfeiture cases were assigned to Wayne County Circuit Court Chief Judge Robert J. Colombo, Jr..  (*Id.* ¶ 13).  From May 1, 2017, all cases have been assigned to Judge David Allen.  (*Id*.).

During the September/October 2015 timeframe, the assistant prosecuting attorney decided not to go forward with the filing of a civil forfeiture action in Wayne County Circuit Court.  (*Id.* ¶ 8).  However, the APA inadvertently and unintentionally failed to notify the LPPD to release the vehicle to Plaintiff.  (Id.). The WCPO has no record of any attempts by Mr. Godwin or by Plaintiff to contact regarding the vehicle for the remainder of the 2015 and 2016.  (*Id*.).

Upon a routine case review, the WCPO attempted to set up another meeting with Mr. Godwin for January 25, 2017.  (*Id.* ¶ 9).  Mr. Godwin again failed to appear at the meeting.  (*Id.*).  The WCPO did not hear from Mr. Godwin again until he filed the present lawsuit – over a year and a half later.  (*Id.* ¶ 10).  Upon receiving notice of the present lawsuit, the WCPO launched an investigation, and immediately released the vehicle to Plaintiff, with all fees waived.  (*Id.* ¶ 11; Exhibit 7, Email).

## ARGUMENT

Plaintiffs assert one cause of action against Wayne County – a municipal liability claim under 42 U.S.C. § 1983, alleging that it has a "custom, practice, or policy" of not "promptly" bringing civil forfeiture complaints after a notice of dispute is received from an owner. To state a claim for municipal liability, a plaintiff "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). "A municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* (quotation marks and citation omitted). A plaintiff must prove one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence or

7

federal rights violations." *Id.* (citation omitted).  A "plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference" to constitutional violations.  *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005).

**B.     Count I: Plaintiff Cannot State a Claim for A Violation of Procedural Due Process.**

"[I]t is well-established that violations of state law do not automatically translate into a deprivation of procedural due press under the United States Constitution."  *Wedgewood L.P. v. Township of Liberty*, 610 F.3d 340, 354 (6th Cir. 2010) (citation and quotation marks omitted).  "[I]n the procedural due process context, an adequate remedy available under state law constitutes post-deprivation process."  *Martinez v. City of Cleveland*, 700 F. App'x 521, 522-23 (6th Cir. 2017) (unpublished) (citing *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990)).  "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete until the State fails to provide due process."  *Zinermon*, 494 U.S. at 125.  "Plaintiff may not seek relief under Section 1983 without first pleading and providing the inadequacy of state or administrative process and remedies and remedies to redress due process violations."  *Jefferson v. Jefferson County Public Schools System*, 360 F.3d 583, 587-88 (6th Cir. 2004).

8

Nowhere in the Complaint does Plaintiff allege the inadequacy of Michigan state law procedures for challenging the "promptness" of a civil forfeiture proceeding. *See Daily Services, LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) (recognizing that under the *Parratt* doctrine, a plaintiff is required to plead and demonstrate the inadequacies of state law remedies before asserting a procedural due process claim). Furthermore, Plaintiff did not himself even attempt to raise such a challenge post-seizure. Although the WCPO attempted to set up meetings with Plaintiff's attorney on two occasions – during September 2015 and January 2017 – the attorney failed to appear.  Plaintiff never contacted the WCPO about his vehicle.  Plaintiff never attempted to bring the issue to the Wayne County Circuit Court Judge who presided over all civil forfeiture actions. As stated above, Michigan courts have established standards for "promptness" challenges within the civil forfeiture proceedings, and owners often successfully invoke them. Because Plaintiff cannot show an underlying constitutional violation, he cannot establish a municipal liability claim as a matter of law.  *See, e.g., S.L. v. Pierce Township Bd. of Trustees*, 771 F.3d 956, 963 (6th Cir. 2017) (recognizing that a municipal liability claim requires an underlying constitutional violation).

Furthermore, Plaintiff cannot raise a genuine issue of material fact regarding whether Wayne County has such a "policy" or "practice" of failing to file "prompt" complaints. Plaintiff's situation was rare and isolated incident, and a

complete aberration from the normal practice of the WCPO. (Exhibit 1, Moody Decl. ¶ 12). The WCPO attempts to resolve all seizure matters quickly and efficiently – either by release, negotiation, or filing litigation. (*Id*.). Plaintiff himself contributed to the delay in his case by failing to attend several meetings with the WCPO, never contacting the WCPO or LPPD about his vehicle, and failing to contact / to file papers with Judge Colombo or Judge Allen about his vehicle.

Finally, a municipality cannot be held liable under § 1983 unless there is "clearly-established law" holding that alleged actions or inactions are unconstitutional. *See Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 995 (6th Cir. 2017). Although the Supreme Court does not require "a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (citation omitted). Here, there is no Supreme Court or Sixth Circuit precedent holding that allegedly delays in bringing civil forfeiture complaints after a seizure constitutes a violation of federal due process rights and that Michigan state courts do not provide an adequate remedy for that alleged wrong. Moreover, courts repeatedly recognize the need for specific and "particularized" precedent in the procedural due process realm to satisfy a plaintiff's burden to show that the law was "clearly established." *See, e.g.,*

10

*Williams v. Kentucky*, 24 F.3d 1526, 1544 (6th Cir. 1994) ("Defendants are entitled to qualified immunity on Williams' procedural due process claim because it was not clearly established at the time of her demotion that a tenured public employee had a due process right to a predemotion hearing"); *Badder v. Schmidt*, 50 F. Supp. 3d 902, 917-18 (E.D. Mich. 2014) (holding that the plaintiff's claimed procedural due process rights in deceased body were not "clearly established"). Indeed, Michigan courts have repeatedly held that the Michigan civil forfeiture statute provides adequate process, and should be strictly construed to ensure that due process rights are respected.  *See Hollins*, 571 N.W.2d at 732; *In re Forfeiture of $19,250*, 530 N.W.2d 759, 762 (Mich. Ct. App. 1995).

Because Plaintiff did not and cannot establish that Michigan law does not provide adequate post-deprivation remedies in the event that a prosecuting attorney does not "promptly" file an asset forfeiture complaint, his claims fail as a matter of law.

**B.     Plaintiff Cannot State a Claim Against the Wayne County Prosecutor in Her Individual Capacity Because She Lacked the Necessary Personal Involvement and Because She Would Be Entitled to Qualified Immunity.**

To the extent that Plaintiff asserts claims against the Wayne County Prosecutor in her "individual capacity," they fail as a matter of law.  To be liable under § 1983 for constitutional deprivations, a "plaintiff must plead that each

11

Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Prosecutor's role as "head of the office" is insufficient to hold her personally liable as there is no "respondeat superior" liability under § 1983. *See Miller v. Calhoun County*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005). Indeed, there is no allegation that the Wayne County Prosecutor herself had any personal involvement, or specific knowledge of, the seizure of Plaintiff's vehicle or any resulting proceedings.

Even if the Wayne County Prosecutor did have personal involvement, she would be entitled to qualified immunity. Government officials are entitled to qualified immunity from suit where a plaintiff cannot establish a violation of a constitutional right that was clearly established at the time of a violation. *See Sumpter v. Wayne County*, 868 F.3d 473, 480 (6th Cir. 2017). Here, Plaintiff cannot establish a constitutional violation, and cannot show that any such right was "clearly established."

## C.   Count II: Plaintiff Lacks Standing to Pursue Claims for Injunctive and Declaratory Relief.

As explained above, because Plaintiff cannot establish a violation of federal due process rights, he is similarly not entitled to declaratory or injunctive relief. N addition, Plaintiff lacks standing to pursue these claims because no forfeiture

proceedings against his property are either pending or imminent.  As stated by the

Sixth Circuit:

> To satisfy Article III standing, plaintiff must show, among other
> things, that she suffered an injury in fact, and she must do so for each
> form of relief. In the context of claims for injunctive or declaratory
> relief, a plaintiff must show that he is under threat of suffering injury
> in fact that is concrete and particularized, and that threat must be
> actual and imminent, not conjectural or hypothetical[.]    [P]ast
> exposure to illegal conduct . . . unaccompanied by any continuing,
> present adverse effects, will not suffice to establish a present case or
> controversy.

*Sumpter*, 868 F.3d at 490-91 (citations and quotation marks omitted).

Here, Plaintiff lacks standing because there are no civil forfeiture

proceedings pending and his vehicle has been returned. Plaintiff similarly cannot

demonstrate that he faces any "actual or imminent" future civil seizure of his

vehicle.  Because he cannot do so, he lacks standing for claims for declaratory or

injunctive relief.

**D.    In the Alternative, the Court Should Abstain From Entertaining
Plaintiff's Claims Under the *Pullman* Abstention Doctrine.**

To the extent that the Court would deem Michigan law to be unclear as to

Plaintiff's avenue of relief in a case where a vehicle is seized but a complaint not

filed, abstention under *Pullman* would be appropriate.   As Judge Goldsmith

recently observed:

> Where uncertain questions of state law must be resolved before a
> federal constitutional question can be decided, federal courts should

abstain until a state court has addressed the state questions. This doctrine of abstention, known as the *Pullman* doctrine, acknowledges that federal courts should avoid the unnecessary resolution of federal constitutional issues and that state courts provide the authoritative adjudication of questions of state law. A federal court should decline to exercise jurisdiction where uncertain state law might fairly be interpreted to avoid constitutional determinations, so as to honor important principles of federalism and avoid premature resolution of constitutional issues. Abstention is thus appropriate where state law is fairly susceptible of a reading that would avoid the necessity of constitutional adjudication.

*White v. Kenny,* No. 15-13085, 2016 U.S. Dist. LEXIS 60738, *6-7 (E.D. Mich. May 9, 2016) (unpublished) (citations and quotation marks omitted); *see Expressions Hair Design v. Schneiderman*, 137 S. Ct. 1144, 1156 (2017) ("[A]bstention and certification serve the same goals. Both recognize that when the outcome of a constitutional challenge turns on the proper interpretation of state law, a federal court's resolution of the constitutional question may turn out to be unnecessary").

As explained above, Michigan law strictly construes its civil forfeiture statute to ensure due process, including permitting challenges to various procedural defects, even if they are not expressly permitted in the statute itself. Here, if Plaintiff thought that the complaint filing process was taking too long, he could have brought it to the attention of the WCPO or contacted and/or filed something with the state court. Instead, he failed to follow up with the WCPO on two

occasions when it wished to discuss the case with him, and did not attempt to seek any relief from the state court.

To the extent that the Court finds that Michigan law is unclear about what someone in Plaintiff's situation should do, it is more prudent to permit the state court to decide what his avenues of relief are. Only if the state court rules that Plaintiff has no remedy under Michigan law would it be possibly necessary to revisit whether he can state a claim for a due process violation.

## CONCLUSION

For the foregoing reasons, Wayne County requests that the Court dismiss the case, or abstain, or in the alternative, grant summary judgment to it.

Dated: October 23, 2018                    Respectfully submitted,

By: */s/Davidde A. Stella*
James W. Heath (P65419)
Wayne County Corporation Counsel
Davidde A. Stella (P69948)
Assistant Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030
dstella@waynecounty.com

*Attorneys for the Wayne County*
*Prosecutor's Office and Kym Worthy*

15

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 23, 2018, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system, which will send electronic notification of this filing to all parties.

/s/*Susan Sweetman*
Susan Sweetman, PP, CLP
Paralegal