# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

STEPHEN NICHOLS, individually and
on behalf of all others similarly situated,

          Plaintiff,

v.                                              Case No. 18-12026

COUNTY OF WAYNE et al.

          Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANTS' "MOTION TO DISMISS OR ABSTAIN OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT"**

This is a § 1983 procedural due process claim revolving around state property forfeiture procedures. Pending before the court is a "Motion to Dismiss or to Abstain, or in the alternative, for Summary Judgment" filed by the "Wayne County Prosecutor's Office" and defendant Kym Worthy. (Dkt. #6.) Plaintiff Stephen Nichols filed a response (Dkt. #9), and Defendants filed a reply (Dkt. #10.) The court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant the Motion in part, dismissing the complaint for failure to state a claim.

## I. BACKGROUND

Plaintiffs Stephen Nichols, Adam Chappell, Jr., and Ryan Chappell filed a putative class action complaint naming as defendants the County of Wayne, "the Wayne County Prosecutor's Office," the Wayne County Prosecutor Kym Worthy in her official and individual capacity, the "Wayne County Sheriff's Office," and the City of Lincoln Park. (Dkt. #1.) The complaint alleged municipal liability under 42 U.S.C. § 1983 for

violations of the Fourteenth Amendment and sought declaratory and injunctive relief. (*Id.*, PageID 13–14.) A few months after it was filed, two of the three named Plaintiffs voluntarily dismissed their claims and they, along with the "Sheriff's Office," were terminated from the case. (Dkt. #3.) This left Wayne County, "the Wayne County Prosecutor's Office," Kym Worthy, and the City of Lincoln Park as Defendants in the case.

The facts underlying remaining Plaintiff Nichols' claim are as follows. Stephen Nichols, while driving an automobile, was pulled over by a Lincoln Park police officer and ticketed for driving an uninsured vehicle. (Dkt. #1, PageID 6.) He presented an invalid insurance certificate to the officer and his car was confiscated under the forfeiture provisions of Michigan's Identity Theft Protection Act. (*Id.*) He filed a claim of interest and posted a bond to contest the forfeiture. Wayne County failed to file a civil forfeiture case against the vehicle and Nichols' car was not returned to him until he filed this lawsuit. He is challenging the process of the county's seizure and forfeiture procedure.

Defendants "the Wayne County Prosecutor's Office" and Kym Worthy filed a "Motion to Dismiss or to Abstain, or in the alternative, for Summary Judgment." (Dkt. #6.)[1] In Plaintiff's response, he voluntarily dismissed his claim against Defendant Kym Worthy in her individual capacity and dismissed his demand for declaratory and injunctive relief. (Dkt. #9, PageID 120.) What remains of the Motion concerns Plaintiff's § 1983 municipal liability claim against Wayne County[2] for Fourteenth Amendment

---

[1] Defendant City of Lincoln Park did not join in the Motion but asserted Plaintiff's failure to state a claim as an affirmative defense in its Answer. (Dkt. #8, PageID 91.)

[2] Neither a Michigan "Prosecutor's Office" nor a "Sheriff's Office" (or "Department") is a legal entity amenable to suit under § 1983. *Anthony v. Chylinski*, 2008 WL 4239204, at

2

violations. Plaintiff's claim is that Defendants have "an unconstitutional practice . . . of failing to provide prompt post-seizure, pre-forfeiture hearings in front of a neutral decision-maker where . . . persons had vehicles seized without a warrant or a pre-deprivation hearing." (Dkt. #1, PageID 13.) Defendants argue, among other things, that this claim fails because Plaintiff cannot show an underlying constitutional violation. (Dkt. #6, PageID 45-47.)

## II. STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint "requires more than labels and conclusions," and must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In determining plausibility, "a court must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." *United States v. Brookdale Senior Living Communities, Inc.*, 892 F.3d 822 (6th Cir. 2018) (internal citations omitted). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (internal citation omitted). Stated differently, Rule 12(b)(6) acts "to enable defendants to challenge the

---

*2 (E.D. Mich. Sept. 11, 2008). A suit against Kym Worthy in her official capacity as County Prosecuting Attorney is considered a claim against Wayne County itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 91 (1989).

3

legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (internal citation omitted).

## III. DISCUSSION

As expressed in the Fourteenth Amendment, states may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal citation omitted). It is a flexible standard, and the court balances three factors to determine what process is appropriate in a specific situation. *Id.* (internal citations omitted). These factors are: "[1] the private interest that will be affected by the official action; [2] the risk of an erroneous deprivation of such interest through the procedures used, and the provable value, if any, of additional or substitute procedural safeguards, and [3] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* (citing *Goldberg v. Kelly*, 397 U.S. 254, 263–71 (1970)).

A Michigan municipality or other local government unit is liable under 42 U.S.C. § 1983 "for constitutional injuries for which it is responsible." *Morgan v. Fairfield Cty.*, 903 F.3d 553, 565 (2018) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). This responsibility encompasses "harms caused by direct actions of the municipalities themselves, harms caused by the implementation of municipal policies or customs, and harms caused by employees for whom the municipality has failed to provide adequate training." *Id.* (internal citations omitted).

Plaintiff's Complaint alleges that Wayne County's liability arises here from a "policy, practice, custom or pattern of not providing these hearings" and in a failure to train attorneys to conduct them. (Dkt. #1, PageID 13–14.) It is undisputed that Defendants do not routinely provide post-deprivation, pre-forfeiture hearings for civil seizures. Wayne County argues that this "policy" is merely its compliance with Michigan's forfeiture statute. The statute does not require such a hearing and has been found constitutional by both Michigan state courts and federal courts. (Dkt. #10, PageID 123–25, 128.) See *Michigan v. Milwaukee 3/8" Cordless Drill*, 2011 WL 3268646, at *9 (W.D. Mich. July 29, 2011) ("Michigan forfeiture law provides owners of property with notice of seizure and an opportunity to be heard."); *Nelson v. McDonough*, 2011 WL 1539764, at *3 (W.D. Mich. April 21, 2011) ("The Michigan courts have held that the availability of notice and a hearing under [the Michigan forfeiture statute] affords an adequate remedy satisfying due process.") (collecting Michigan state court cases).

Defendants argue that their lack of routine post-deprivation, pre-forfeiture hearings for civil seizures does not constitute a due process violation. Plaintiff's argument that it does appears to be primarily based on *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002), which he cites in his response brief. (Dkt. #9, PageID 112.) This opinion from a different jurisdiction is persuasive at best; it does not bind. Similarly persuasive-at-best is *People v. One 1998 GMC*, 960 N.E.2d 1071 (Ill. 2011), which rejects *Krimstock*. The court will address the reasoning of each.

In *Krimstock*, the Second Circuit focused on three specific due process concerns in holding that plaintiffs must be given a prompt opportunity to contest the holding of their vehicle pending the civil forfeiture action. First, it noted the temporal gap between

5

seizure and forfeiture proceedings, which can be "months or sometimes years." *Krimstock*, 306 F.3d at 54. Next, it noted a "special concern for the risk of erroneous deprivation posed to innocent owners." *Id.* at 56. Finally, it noted the lack of other forms of interim relief. *Id.* at 58–60. Here, however, the Michigan forfeiture statute requires that the county's prosecuting attorney "promptly institute forfeiture proceedings" when a forfeiture is disputed. Mich. Comp. Laws § 333.7523. If a complaint is not filed promptly, a violation of state law occurs which could be addressed in state court. *See, e.g., In re Forfeiture of One 1983 Cadillac*, 439 N.W.2d 346 (Mich. Ct. App. 1989). Also of note is that the Supreme Court of the United States upheld another Michigan forfeiture procedure that did not permit an innocent owner defense. *Bennis v. Michigan*, 516 U.S. 442, 446 (1996).

Moreover, as the Supreme Court of Illinois pointed out, "it appears that *Krimstock* was wrongly decided in light of the Supreme Court precedent." *One 1998 GMC*, 960 N.E.2d at 1082. Indeed, in *United States v. Von Neumann*, 474 U.S. 242 (1986), the Court held that, in relation to an owner's property interest in their car, a "forfeiture proceeding, without more, provides the postseizure hearing required by due process." *Id.* at 249. The Supreme Court of the United States has not found the Due Process Clause to require a post-deprivation, pre-forfeiture hearing, and neither does this court.

Wayne County's "policy" of not providing an additional hearing does not violate due process. Because the forfeiture procedure Wayne County follows, as Plaintiff alleges, provides both notice and an opportunity to be heard, Plaintiff's complaint fails to state a claim upon which relief can be granted.

Furthermore, Plaintiff's sole claim and argument against Defendant City of Lincoln Park is identical to that against Wayne County. As Plaintiff had the opportunity to respond to the argument in its Response to the other Defendants' Motion and there is no relevant factual or legal distinction between the claim against the City of Lincoln Park and Wayne County, the court will dismiss the claim with respect to the City of Lincoln Park as well. *See Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983) (requiring, before a district court dismiss a claim sua sponte for failure to state a claim, that a plaintiff have notice of the arguments for the claim's dismissal and a chance to respond to them). Accordingly,

IT IS ORDERED that Defendants' Motion (Dkt. #6) is GRANTED and Plaintiff's Complaint is DISMISSED as to all Defendants.[3]

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: December 11, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 11, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-12026.NICHOLS.Dismiss.RHC.KMM.docx

---

[3] Because is relief is appropriate based upon Defendants' request for dismissal under 12(b)(6), the court need not address the alternative arguments for abstention and summary judgment.